IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JEROME GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:25-6624-MGL |
| | § | |
| | § | |
| KENDRA DOVE and JOHN HOPKINS III, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AS PROVIDED BELOW,
DISMISSING THIS MATTER WITH PREJUDICE AS FRIVOLOUS, AND
DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff Jerome Garcia (Garcia), who is representing himself, filed this lawsuit against Defendants Kendra Dove and John Hopkins III,

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending this matter be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Magistrate Judge further recommends the Court deny Garcia leave for amendment, as amendment would be futile. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 29, 2025, and Garcia filed his objections and a motion for a temporary restraining order (TRO) on November 14, 2025.  The Court has carefully considered the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Garcia is a serial filer of lawsuits in this Court.  As the Magistrate Judge notes in the Report, "[t]his is the twenty-first case [Garcia] has brought in this [C]ourt since 2019 and the fourth case in which he has argued actions related to Richland County's efforts to collect taxes on his property are unconstitutional."  Report at 5.

The Magistrate Court gives a detailed accounting of all his allegations in this matter.  Thus, it is unnecessary for the Court to repeat those allegations here.

In Garcia's objections, he generally makes the same arguments he presented to the Magistrate Judge, which she rejected.  Because the Court agrees with the Magistrate Judge's discussion and analysis of those claims in her comprehensive and well-reasoned Report, it is unnecessary to repeat it here.  After all, the Court will be incorporating those portions of the Report into this Order.

That said, in an abundance of caution, the Court has made a de novo review of the record, but is left with the firm opinion this case should be dismissed for the reasons articulated by the Magistrate Judge.

Many of allegations Garcia's are so outlandish and obviously frivolous they make a separate discussion of them unnecessary.  Nevertheless, any of Garcia's allegations, claims, or arguments the Magistrate Judge and the Court fail to specifically address have been considered and rejected.

For all these reasons, the Court will overrule Garcia's objections to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Garcia's objections, adopts the Report to the extent it is consistent with this Order, and incorporates those portions herein. It is therefore the judgment of the Court this matter is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court, however, declines to follow the Magistrate Judge's recommendation the Court deny Garcia leave for amendment, as amendment would be futile. This is so because *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010), held "a plaintiff has an absolute right to amend his complaint once before a responsive pleading has been filed and need not seek leave of court to do so." Absent here is any responsive pleading in this case.

The Fourth Circuit went on to opine "the doctrine of futility [applies only] when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute. Therefore, the district court abused its discretion in preventing [the plaintiff's] amendment as of right, and we reverse the district court on that ground." *Id*.

Turning now to Garcia's motion for a TRO, "[a] plaintiff seeking a [TRO or preliminary injunction] must establish . . . [1] he is likely to succeed on the merits, . . . [2] he is likely to suffer irreparable harm in the absence of preliminary relief, . . . . [3] the balance of equities tips in his favor, and . . . [4] an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of the four Winter requirements "must be satisfied as articulated[.]" *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 347 (4th Cir. 2009) (vacated on other grounds).

But, inasmuch as the Court is dismissing this case, Garcia is unable to show "he is likely to succeed on the merits[.]" *Winter*, 555 U.S. at 20. Consequently, because he is unable to satisfy all four of the *Winter* requirements, his motion for a TRO must be **DENIED.**

**IT IS SO ORDERED**.

Signed this 25th day of November, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

Garcia is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.